JM, Appellant (Contestant),

v.

**DEPARTMENT OF FAMILY SERVICES, Appellee (Respondent).**

No. 96–13.

Supreme Court of Wyoming.

Aug. 16, 1996.

John M. Scorsine, Burns, and Andrew McConnell, Student Intern, Laramie, for Appellant.

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; and Cynthia L. Harnett, Assistant Attorney General, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN * and LEHMAN, JJ.

MACY, Justice.

Appellant JM (the father) appealed to the district court from the decision entered by Appellee Department of Family Services.[1] This Court accepted certification of this case pursuant to W.R.A.P. 12.09(b).

We reverse the department's decision.

## ISSUES

The father presents the following issues for our review:

1. When the Department of Family Services takes adverse action against an individual and provides the individual a "fair hearing" upon which party, the individual or the agency, do the burdens of persuasion and production fall?

2. Are the Rules of The Department of Family Services, which provide that a "fair hearing" afforded a party aggrieved by Agency action is limited to the issue of whether or not the Agency acted in accordance with law and its rules, constitutional under the Federal and State Constitutions?

3. In a "fair hearing" what is the evidentiary standard, preponderance of the evidence or clear and convincing evidence?

4. In this case, was the Final Decision of the Agency contrary to the evidence and to law?

## FACTS

On October 19, 1994, a report was made to the agency that the father had physically abused his four sons. The agency investigated the abuse allegations against the father and substantiated the reports as to all four boys. The father's name was placed on a central registry of persons who were the subjects of child abuse complaints. After receiving notice of the agency's determination, the father requested that a contested case hearing be held.

The contested case hearing was held in May 1995 before a hearing examiner from the Office of Administrative Hearings. In his recommended decision, the hearing examiner determined that the child abuse reports as to the three younger boys had not been substantiated but that it was more likely than not that the father had abused his eldest son. The hearing examiner concluded, however, that "there [was] a low likelihood of imminent harm to [the] children."

On August 21, 1995, the department issued its final decision in the case, rejecting many of the hearing examiner's recommendations. The department concluded that the father bore the burden of proof and that its role in the case was limited to determining whether the agency had acted arbitrarily or capriciously, had abused its discretion, or had

---

* Chief Justice at time of oral argument.

1. The Department of Family Services had two different roles in this case. It was the investigating agency which substantiated the charges against the father and acted as the responding party at the contested case hearing. It was also the decision-making body that issued the final decision from which the father appealed to the district court. In order to avoid confusing the two separate roles which the Department of Family Services played in this case, we will refer to the Department of Family Services as "the agency" when we are discussing its investigating activities and its position as a party at the contested case hearing. When we are discussing the entity which issued the final decision in this case, we will refer to the Department of Family Services as "the department."

acted contrary to the law. The department ruled that all the abuse allegations against the father had been substantiated.

The father appealed to the district court from the department's final decision. The district court certified certain questions to this Court. We declined to answer the district court's certified questions but agreed to review the entire case under W.R.A.P. 12.09(b).

## DISCUSSION

### A. Standard of Review

■■■ When we are reviewing cases which have been certified to us pursuant to W.R.A.P. 12.09(b), we apply the appellate standards which are applicable to a reviewing court of the first instance. *Hepp v. State ex rel. Wyoming Workers' Compensation Division*, 881 P.2d 1076, 1077 (Wyo.1994). When we are conducting our review,

> [o]ur task is to examine the entire record to determine whether substantial evidence supported the hearing examiner's findings. We will not substitute our judgment for that of the hearing examiner when substantial evidence supports his decision. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions.

*Latimer v. Rissler & McMurry Co.*, 902 P.2d 706, 708–09 (Wyo.1995) (citations omitted).

> We do not, however, defer to an agency's conclusions of law. "Instead, if the 'correct rule of law has not been invoked and correctly applied, ... the agency's errors are to be corrected.' " *Thunder Basin Coal Company v. Study*, 866 P.2d 1288, 1291 (Wyo.1994) (quoting *Devous v. Wyoming State Board of Medical Examiners*, 845 P.2d 408, 414 (Wyo.1993)).

*Celotex Corporation v. Andren*, 917 P.2d 178, 180 (Wyo.1996).

### B. Burden of Proof

The hearing examiner determined that the agency had the burden of proof at the contested case hearing. When the case was submitted to the department for a final decision, the department ruled that the father bore the burden of proof. On appeal, the father argues that the department erred by determining that the burden of proof was on him.

■■■ "Allocation of the burden of proof is a matter of law." *Corman v. State ex rel. Wyoming Workers' Compensation Division*, 909 P.2d 966, 970 (Wyo.1996). The general rule in administrative law is that, unless a statute otherwise assigns the burden of proof, the proponent of an order has the burden of proof. BERNARD SCHWARTZ, ADMINISTRATIVE LAW § 7.8 (2d ed. 1984). "In general, an agency is the proponent of its orders, while an applicant for benefits or for a license is the proponent in eligibility determinations." 4 JACOB A. STEIN ET AL., ADMINISTRATIVE LAW § 24.02 at 24–21 (1987).

We considered the complex burden-of-proof subject in *Casper Iron & Metal, Inc. v. Unemployment Insurance Commission of Department of Employment of the State of Wyoming*, 845 P.2d 387, 393 (Wyo.1993) (quoting 1 DAVID W. LOUISELL & CHRISTOPHER B. MUELLER, FEDERAL EVIDENCE § 66 (1977)):

> The general term, burden of proof, identifies two separate legal doctrines: the burden of persuasion; and the burden of production, also termed the burden of producing evidence or the burden of going forward with the evidence. The burden of persuasion is attached to the party who "runs the risk of nonpersuasion." During a trial, this means if the "party with the burden of persuasion has not sustained it by a fair preponderance of the evidence—if the evidence is in equipoise or the opposing party's preponderates—the party with the burden must fail." The burden of producing evidence is "the obligation of the party to present at the appropriate time ... evidence on the issue involved of sufficient substance to permit the fact finder to act upon it." The burden of producing evidence shifts during the presentation of evidence. The burden of persuasion, which generally does not shift unless by the operation of a legal presumption, becomes operative only after all the evidence is submitted.

In determining which party bears the burden of proof, we consider the applicable substantive statutes. *Id.; see also* STEIN, *supra*, § 24.02 at 24–31 to 24–32. WYO. STAT. §§ 14–3–201 to –215 (1994 & Supp.1996) govern child abuse cases such as this one. Section 14–3–201 relates the general purpose of the article:

> The purpose of W.S. 14–3–201 through 14–3–215 is to protect the best interest of the child ..., to further offer protective services when necessary in order to prevent any harm to the child or any other children living in the home ..., to protect children ... from abuse or neglect which jeopardize their health or welfare, to stabi-. lize the home environment and to preserve family life whenever possible.

This section clearly states that protecting children's well-being is the paramount purpose of the pertinent statutory provisions. Section 14–3–201 also states, however, that it is important to maintain family life whenever it is possible. Other sections within the article recognize that child abuse accusations are very serious and, therefore, seek to maintain confidentiality during investigations and to ensure that the names of those who have been improperly accused are cleared. *See* §§ 14–3–212 to –214. We conclude that, in acknowledging the seriousness of child abuse accusations, the legislature intended for the general rule which places the burden of proof upon the agency to apply. The agency was the proponent of an order holding that the child abuse allegations against the father had been substantiated and, therefore, had both the initial burden of production and the ultimate burden of persuasion. The burden of producing evidence, of course, shifts as the evidence is being presented in the course of a contested case hearing. *Casper Iron & Metal, Inc.*, 845 P.2d at 393.

Public policy also supports placing the burden of proof upon the agency. The relationship between a parent and his children is an important fundamental right. *Michael v. Hertzler*, 900 P.2d 1144, 1147 (Wyo. 1995); *DS v. Department of Public Assistance and Social Services (Parental Rights to X, Y, and Z)*, 607 P.2d 911, 918 (Wyo. 1980). That fundamental right may not be infringed upon lightly. If the agency has truly substantiated the child abuse reports, it should not be reluctant to assume the burden of proof at the hearing.

The parties discussed the language of the various administrative rules that, they argue, apply in determining which party bears the burden of proof. Their analysis of the regulatory language is unavailing. The father looks to the rules which pertain to the Department of Family Services. Although those rules do include a section which addresses fair hearings, they do not address the burden-of-proof issue. RULES OF THE DEPARTMENT OF FAMILY SERVICES, DIVISION OF YOUTH SERVICES Chapter I, Section 9 (1994).

Both parties refer to the procedures for conducting contested case proceedings promulgated by the Department of Health and Social Services. We have reviewed those rules and conclude that they do not affect our decision in this case. The rules pertain to cases in which the hearing examiner is an employee of the agency or is an individual who was specifically chosen by the agency to be the hearing examiner in a particular case. *See* PROCEDURES FOR THE CONDUCT OF CONTESTED CASE HEARINGS Chapter I, Section 4(g).

The hearing examiner in this case was not an employee of the agency, and he was not chosen by the agency. Instead, the case was referred to the Office of Administrative Hearings, and that office appointed a hearing examiner to conduct the contested case hearing. The rules of the Office of Administrative Hearings state that they

> shall apply to the conduct of administrative contested cases before the Office of Administrative Hearings, regardless of the identity of the particular agency whose action or inaction is being contested. These rules shall take precedence over all referring agency hearing rules....

RULES FOR CONTESTED CASE PRACTICE AND PROCEDURE BEFORE THE OFFICE OF ADMINISTRATIVE HEARINGS Chapter 1, Section 4 (1995). The procedural rules for the Office of Administrative Hearings, therefore, applied in this case. Those rules do not affect our decision because they do not allocate the burden of proof.

## C. Standard of Proof

The hearing examiner determined that the appropriate standard of proof was the preponderance-of-the-evidence standard. In its final decision, the department apparently applied the substantial evidence standard in deciding that the child abuse reports had been substantiated. The father argues that the proper standard of proof was either the preponderance-of-the-evidence standard or the clear-and-convincing-evidence standard.

■ The normal standard of proof in administrative hearings is the preponderance-of-the-evidence standard. SCHWARTZ, *supra,* § 7.9 at 360–61; STEIN, *supra,* § 24.03 at 24–36; *see also Martinez v. State ex rel. Wyoming Workers' Compensation Division,* 917 P.2d 619, 621 (Wyo.1996) (applying the preponderance-of-the-evidence standard in a worker's compensation case). In certain circumstances, such as in professional disciplinary hearings, the clear-and-convincing-evidence standard applies. *See, e.g., Devous v. Wyoming State Board of Medical Examiners,* 845 P.2d 408, 416 (Wyo.1993). The substantial evidence standard does not apply in contested cases because it is the standard utilized during judicial review of administrative decisions. *See* WYO. STAT. § 16–3–114(c)(ii)(E) (1990); *see also Latimer,* 902 P.2d at 708.

■ Section 14–3–202(a)(xi) indicates that an abuse report is deemed to have been substantiated when the investigation reveals that credible evidence exists to support the allegations.

> (k) "Credible Evidence" means that the available facts when viewed in light of surrounding circumstances would cause a reasonable person to believe that a child was abused or neglected. In mild cases, determination of abuse or neglect may hinge upon the objective degree of risk at which the child's well-being was placed, in addition to whether the trauma constituted an isolated incident or part of a pattern.

RULES OF THE DEPARTMENT OF FAMILY SERVICES, *supra,* Chapter I, Section 4(k). Since the relevant statutory and regulatory language does not recite any of the traditional phraseology associated with the clear-and-convincing-evidence standard of proof, that standard does not apply. The rules imply that a weighing of the evidence is necessary. The traditional preponderance-of-the-evidence standard is well suited to this type of weighing process and, therefore, was appropriate in this case.

## D. The Department Rules

■ The father maintains that the Department of Family Services rules which limit the issues in a contested case hearing to a determination of whether the agency acted in accordance with law or its own rules are unconstitutional. Specifically, the father argues that, by limiting the issues at contested case hearings, the department does not provide due process of law.

The relevant rules are found in Section 9 of the Department of Family Services rules:

> (a) Following a determination, . . . an alleged perpetrator of abuse and/or neglect who is aggrieved by said determination may request a fair hearing by the hearing officer provided by the Department if the individual thinks that the Department has acted contrary to law or the Division's child protective services rules . . .
>
> . . . .
>
> (c) Fair hearings shall be conducted in the same manner as other Department fair hearings, except that hearings shall be limited to the resolution of only those matters noted in Section 9(a).

RULES OF THE DEPARTMENT OF FAMILY SERVICES, *supra,* Chapter I, Section 9(a), (c). We note that the department's final decision does not state that the department was relying upon Section 9(a) and (c) in deciding the case. Instead, the decision indicates that the department was deciding whether the agency's determination that the allegations of child abuse had been substantiated was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. The department was applying the standard for judicial review of administrative decisions. In our previous discussion about the appropriate standard of proof, we stated that the department incorrectly applied that standard at the contested case hearing.

In any event, we conclude that Section 9(a) and (c) does not comply with the Wyoming Administrative Procedure Act because it prevents the department from conducting a full review of the factual issues at the contested case hearing. The Wyoming Administrative Procedure Act contemplates that agencies will conduct full contested case hearings to determine all the relevant factual and legal issues. WYO. STAT. § 16–3–101(b)(ii) (Supp. 1996) broadly defines a contested case as being "a proceeding ... in which legal rights, duties or privileges of a party are required by law to be determined by an agency after an opportunity for hearing." Various provisions of the Wyoming Administrative Procedure Act describe the broad scope of contested case hearings and indicate that such proceedings will include a determination of all factual and legal issues between the parties. *See* WYO. STAT. §§ 16–3–107 to –112 (1990 & Supp.1996).

The department acted beyond the scope of its statutory authority when it unilaterally limited the issues for resolution at the contested case hearing. *See Union Telephone Company, Inc. v. Wyoming Public Service Commission*, 910 P.2d 1362, 1364 (Wyo.1996). As is our practice, we will not address the constitutional issue since we have resolved this case on other grounds. *State Highway Commission of Wyoming v. Sheridan–Johnson Rural Electrification Association*, 784 P.2d 588, 591 n. 4 (Wyo.1989).

## CONCLUSION

We hold that the department acted contrary to the law when it placed the burden of proof upon the father, determined that the substantial evidence standard applied, and improperly limited the issues for resolution at the contested case hearing.

Reversed.