In the Matter of the Fair Hearing Request of RM and SM, Appellants (Petitioners),

v.

DEPARTMENT OF FAMILY SERVICES, Appellee (Respondent).

No. C–97–2.

Supreme Court of Wyoming.

Feb. 20, 1998.

Wendy S. Owens, of Counsel, Brooks, Henley & Drell, P.C., Casper, for Appellants.

William U. Hill, Attorney General; Michael L. Hubbard, Deputy Attorney General; Rowena Heckert, Senior Assistant Attorney General; Claudia S. Angelos, Assistant Attorney General (argued), for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

GOLDEN, Justice.

RM and SM, the parents of the child GM, appeal from the judgment of the district court, which denied their petition for writ of mandamus and affirmed the Wyoming Department of Family Services' (Department) decision that RM and SM subjected the child, GM, to physical and emotional abuse. The parents also appeal from the district court's denial of their motion for reconsideration.

We affirm the district court's decisions.

## ISSUES

Appellants, RM and SM, present the following arguments:

1. The actions of the Department of Family Services in substantiating claims of abuse were arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law and were unsupported by substantial evidence.

2. The actions of the Wyoming Department of Family Services in rejecting the Recommended Decision of the Hearing Examiner were arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

3. The District Court should not have denied Appellants' Motion for Reconsideration.

Appellee, State of Wyoming, Department of Family Services, presents its own arguments and issues thusly:

I. The actions of the Department of Family Services in substantiating claims of abuse were in accordance with law and supported by substantial evidence.

A. What is the standard of review applied on review of an administrative decision? Which party bears the burden of proof?

B. Was there substantial evidence in the record to support the determination that Appellants subjected the child to physical abuse?

C. Was there substantial evidence in the record to support the determination that Appellants subjected the child to emotional abuse?

II. The action of the Wyoming Department of Family Services in rejecting the Recommended Decision of the Hearing Examiner was in accordance with law and supported by substantial evidence.

A. Under what conditions may the final decision maker modify the conclusions recommended by the Hearing Officer?

III. The District Court correctly denied the Appellants' Motion for Reconsideration.

## FACTS

On February 27, 1996, the Department of Family Services [1] received a report that GM

1. As in our recent case, *JM v. Department of Family Services*, 922 P.2d 219 (Wyo.1996), the Department of Family Services had two different roles in this case. It was the investigating agency which substantiated the charges against the parents and acted as the responding party at the contested case hearing. It was also the decision-making body that issued the final decision from which the parents appealed to the district court. In order to avoid confusing the two separate roles which the Department of Family Services played in this case, we will refer to the Department of Family Services as "the Agency" when we are discussing its investigative activities and its position as a party at the contested case hearing. When we are discussing the entity which issued the final decision in this case, we will refer to the Department of Family Services as "the Department."

was abused. RM and SM were notified of the allegations against them. The Agency investigated the allegations by contacting the victim, SM, RM, three "school personnel," the school nurse, and GM's grandmother. The Agency's findings, based on its investigation, were:

> Physical Abuse substantiated because of documented injuries caused by discipline (push ups) and evidence of injury/potential injury to hands from dishwashing.

> Emotional Abuse substantiated by documentation of child's behaviors, repeated counseling referrals, and parental refusals.

The Agency's social worker then listed the following as his observations and recommendations (emphasis in original):

> This child *MUST* be out of home before [SM] kills him!!!

> If she transfers behaviors to other children, they will be at high risk.

The report indicates that SM was interviewed twice, once with RM present, on February 29, 1996, and again, alone, on March 8, 1996. RM and SM were notified that the abuse allegations were substantiated. Specifically, the Agency found that physical abuse injuries were inflicted as a result of discipline; emotional abuse existed in the form of psychopathology in the child; family counseling was refused by the parents several times; and a case plan and services were needed.

The Agency performed a risk assessment to determine the safety, or lack thereof, for GM and determined GM was at high risk. RM and SM requested a hearing as a result of the substantiated finding of physical and emotional abuse and the "high risk" rating. At the hearing, the hearing examiner received evidence of other incidents of alleged abuse, one incident of abuse was substantiated, and the other was not. However, as a result of the investigation on the unsubstantiated abuse, the Department suggested family counseling. Apparently that request was refused by the parents. The hearing examiner also heard evidence that GM had bruises on his head because he was angry about having to do push-ups and he slammed his head into a candle which the parents placed on the floor, that GM's hands were red and rough-looking from doing dishes for long periods of time, that GM had a gash on the back of his left hand as a result of being hit with a spatula wielded by SM, and expert testimony that the parents' other actions, including failure to use positive reinforcement and almost total reliance on negative reinforcement, constituted emotional abuse.

The hearing examiner then determined that these facts would not lead a reasonable person to believe GM was abused. He based this decision on the fact that the gash was not seen by a doctor, and the gash and the other physical signs of abuse were minor, therefore not sufficient to substantiate physical or emotional abuse. The hearing examiner also determined that the diagnostic criteria for emotional abuse include "severe psychopathology." Since severe psychopathology was not diagnosed, apparently the hearing examiner determined there was no emotional abuse. Finally, the hearing examiner determined that although SM had refused family counseling on one or more occasions, she was in counseling when the hearing was held. The hearing examiner went on to conclude that he did not believe the persons who said GM's behavior was markedly improved since he was removed from the home and that he did not believe the expert who testified that GM was emotionally abused.

The hearing examiner included the following pertinent portions of the Rules and Regulations Governing Child Protective Services, Department of Family Services, in his recommended decision:

> a. Physical Abuse: Deliberate physical injuries inflicted by parents, caretaker, or babysitter, or physical injuries resulting from indifference, negligence or improper supervision, also called non-accidental trauma. These could be rated as mild (a few bruises, welts, scratches, cuts, scars), moderate (numerous bruises, minor burns, a single fracture), or severe (major burns, central nervous system injury, abdominal injury, multiple fractures, or any life-threatening abuse). In its extreme, the result is death. Often the injury stems from an angry attempt to punish the child for misbehavior. Sometimes it is an un-

controlled lashing out at a child who happens to be in the way when some unrelated crises [sic] is occurring. Hitting a child with a closed fist or kicking a child is physical abuse. Use of an instrument to strike a child may be abusive. Rough handling, spanking, yanking, or pushing are not always physical abuse ... Chapter I, Section 4(a)(i).

b. Emotional Abuse: The continual scapegoating and rejection of a child resulting in behavior indicative of pathologically disturbed emotional adjustment or behavior. Severe verbal abuse and beating can be present. Conversely and just as significant is the near to complete absence of appropriate loving, touching, holding and reassuring verbal behavior necessary for emotional health.... The diagnostic criteria of emotional abuse are:

(A) Severe psychopathology in the child is diagnosed as a result of required medical, psychological, psychiatric, social work or other data resulting in the differential diagnosis.

(B) Treatment offered or recommended for the child on at least two occasions, but not acted on.

(C) Treatment refused by the parents at least once. (Chapter I, Section 4[ (a) ](vii)).

c. "Credible Evidence" means that the available facts when viewed in light of surrounding circumstances would cause a reasonable person to believe that a child was abused or neglected. In mild cases, determination of abuse or neglect may hinge upon the objective degree of risk at which the child's well-being was placed, in addition to whether the trauma constituted an isolated incident or part of a pattern. (Chapter I, Section 4(k)).

d. "Substantiated Report" means any report of child abuse or neglect made to the Department for which it is determined, after an investigation, that credible evidence of the alleged abuse or neglect exists. (Chapter I, Section 4(x)).

e. "Unsubstantiated Report" means any report of child abuse or neglect for which it is determined, after an investigation, that no credible evidence of the alleged abuse or neglect exists. (Chapter I, Section 4(z)).

The hearing examiner then concluded that there was "a lack of 'credible evidence' to support the substantiation of abuse, and the substantiation should be reversed and set aside."

When the Department entered its Final Decision on the matter, however, the Director of the Department determined that GM was punished in an unreasonable and excessive manner, that "the degree of discipline appears beyond the level of reasonableness for a nine year old child," and that "[t]he incidents collectively form a pattern of abusive behavior posing a high risk to [GM]." The Department also determined that GM exhibited "severe psychopathology," the parents had refused family counseling more than once, and the parents' continuing pattern of using strictly negative reinforcement with the child constituted emotional abuse. The Department concluded that the substantiation of physical and emotional abuse was supported by a preponderance of reliable, probative and credible evidence.

RM and SM petitioned the district court for a writ of review and mandamus, asking the court to compel the Department to adopt the hearing examiner's recommended decision. RM and SM then petitioned the district court for judicial review of the Department's action in accordance with WYO. R.APP. P. 12. Following briefing by the parties, the district court filed a decision letter on December 30, 1996, which found that the Department's action was "not contrary to the law and is supported by substantial evidence." The district court filed its judgment on January 21, 1997, and determined that the petitioners did not pursue their petition for a writ of mandamus and denied the same. Finally, the court affirmed the Department's decision that RM and SM subjected GM to physical and emotional abuse at the high risk level in all respects.

RM and SM then filed a motion for reconsideration with the district court on January 27, 1997. The parents stated that newly discovered evidence had come to light subsequent to the hearing before the hearing ex-

aminer which was material to the issues presented. The parents asked that the Department's final order be reversed and the matter be remanded to the hearing examiner for the taking of additional evidence. The motion stated that GM admitted to lying about various allegations against his parents and that he recanted his statements in November and December of 1996. The district court filed its order denying the motion for reconsideration on January 31, 1997. This appeal followed.

## DISCUSSION

### Standard of Review

■ When reviewing agency decisions, we must hold unlawful and set aside agency actions which are arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law, contrary to constitutional right, in excess of statutory jurisdiction or authority, without observance of procedure required by law, or unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute. WYO. STAT. § 16-3-114(c)(ii) (1997). An aggrieved party may obtain a review of any final judgment of the district court under the administrative procedure act by appeal to the supreme court. WYO. STAT. § 16-3-115 (1997). In such a case, the supreme court reviews the agency action as if the appeal came directly to the supreme court from the agency and does not give deference to the district court's decision. *Reaves v. Riley*, 782 P.2d 1136, 1137 (Wyo.1989).

■ The parents argue that the Department's decision was not supported by substantial evidence and was contrary to law. We have defined substantial evidence as relevant evidence which a reasonable mind might accept in support of the conclusions of the agency. *Butts v. Wyo. State Bd. of Architects*, 911 P.2d 1062, 1065 (Wyo.1996) (quoting *Devous v. Bd. of Medical Examiners*, 845 P.2d 408, 414 (Wyo.1993)). We review the entire record to determine if there is substantial evidence to support the agency's findings. *Id.* The party challenging the sufficiency of the evidence has the burden of demonstrating the decision of the agency is

not supported by substantial evidence. *Id.* If the decision is supported by substantial evidence, it should only be reversed for errors of law. *Id.* If the agency committed an error of law, this Court corrects that error. *Id.*

### The Department's Final Decision

■ In *JM v. Department of Family Services*, 922 P.2d 219, 224 (Wyo.1996), we held that the Department acted contrary to law when it limited the issues for resolution in a contested case hearing, when it determined the substantial evidence standard applied in the contested case hearing, and when it placed the burden of proof on the person contesting the Department's substantiation of child abuse charges. Although RM and SM claim the Department made the same mistakes here, we do not agree.

It is clear from the record of the contested case hearing that the hearing was held in accordance with our holding in *JM*. The issues were not limited, the Department assumed the burden of proof and the preponderance of the evidence standard was applied. Although the Department did not agree with the recommendation of the hearing examiner, the Department's final decision also conforms with the standards set out in *JM*. The Department held, after reviewing the entire record, that the abuse was substantiated because it found that the available facts, when viewed in light of surrounding circumstances, would cause a reasonable person to believe that the child was abused or neglected.

After reviewing the entire record and referring to the appropriate statutes and Department Rules, we agree with the district court that substantial evidence exists to support the Department's final order. *See* WYO. STAT. § 14-3-202(a)(xi) (1997) (an abuse report is deemed substantiated when the investigation reveals that credible evidence exists to support the allegations); Department of Family Services Div. of Youth Services, Child Protection Rules, Ch. I, § 4(k) (1995) (" 'Credible evidence' means that the available facts when viewed in light of surrounding circumstances would cause a reasonable person to believe that a child was abused or neglected. In mild cases, determination of

abuse or neglect may hinge upon the objective degree of risk at which the child's well-being was placed, in addition to whether the trauma constituted an isolated incident or part of a pattern."); and WYO. STAT. § 14–3–202(a)(ii) (1997) (Abuse means inflicting or causing physical or mental injury, harm or imminent danger to the physical or mental health or welfare of a child other than by accidental means, including ... excessive or unreasonable corporal punishment.... Mental injury means an injury to the psychological capacity or emotional stability of a child as evidenced by an observable or substantial impairment in his ability to function within a normal range of performance and behavior with due regard to his culture; and physical injury means death or any harm to a child including but not limited to disfigurement, impairment of any bodily organ, skin bruising, bleeding, burns, ....).

■ The parents complain that the Department improperly ignored the hearing officer's recommended decision and replaced it with its own findings of fact and conclusions of law. The director of the department has been given the responsibility to make the final decision in these cases by the legislature. WYO. STAT. §§ 9–2–2104 and 14–3–203 (1997). Although the legislature has provided for the use of hearing officers to take evidence in contested cases and to make recommended decisions, an agency cannot delegate the authority to make final decisions to an independent administrative hearing officer unless required by law. WYO. STAT. § 16–3–112 (1997).

*The Motion for Reconsideration*

■ After the district court entered its judgment, the parents filed a motion for reconsideration pursuant to WYO. R.APP. P. 12.08. That rule provides, in pertinent part:

If, before the date set for hearing, application is made to the reviewing court for leave to present additional evidence, and it is shown to the satisfaction of the court the additional evidence is material, and good cause for failure to present it in the proceeding before the agency existed, the reviewing court, in contested cases, shall order the additional evidence to be taken before the agency upon those conditions determined by the reviewing court.... Supplemental evidence may be taken by the reviewing court in cases involving fraud, or involving misconduct of some person engaged in the administration of the law affecting the decision....

First, the application was not presented before the date set for hearing; it was not presented until after the district court filed its decision letter and judgment. Therefore, the district court properly found the application to present additional evidence was not timely filed. Second, the district court did not find the additional evidence was material or that there was any fraud or misconduct involved. The child merely recanted his story. Considering the testimony and evidence presented in the record which did not involve the child's allegations, the recantation may very well have been immaterial. Although it was not appropriate to consider this evidence on a motion to reconsider, it may be relevant to any further proceedings involving the child and his parents under the child protection act.

**CONCLUSION**

The district court's judgment affirming all aspects of the Department of Family Services Final Order is affirmed.

MACY, Justice, dissenting.

I would reverse. This Court should not put its stamp of approval on the course of the proceedings in this case. It insults my sense of due process to allow an agency to investigate a complaint, prosecute the complaint through its counsel before a hearing examiner, and then make a final decision on the basis of its findings of fact which were contrary to the hearing examiner's findings. It is not only an appearance of impropriety which should not be tolerated, but it is also a violation of the constitutional right to due process.

I certainly understand the need for administrative law and the relaxation of rules of procedure as a matter of expediency, but the procedures which were followed in this case

crossed the line to the point that a fundamental right was eradicated.

The hearing examiner's decision, as in worker's compensation contested cases, should have been the one subject to appeal, not that of an agency which was a party to the action. If such were the case in this instance, the hearing examiner's decision would have been affirmed in accordance with our appellate standards of review.