PEASLEY, District Judge.
[¶1] Johnson County, through the Johnson County Fair Board, provides sixty-nine (69) camp spots at the Johnson County Fairgrounds for use during the annual Johnson County Fair and Rodeo. For each campsite, the County charges $25.00 per week and does not collect any sales or lodging taxes. The Department of Revenue (Department) determined the use of these campsites was subject to sales and lodging taxation, and the Board of Equalization (Board) reversed. The Board determined the campsites and rent received therefrom were not subject to taxation because the Fair Board was not a "vendor" as defined by Wyo. Stat. Ann. § 39-15-101(a)(xv). The Department appealed this decision to the district court, and we accepted certification of the appeal from the district court. We will affirm.
ISSUE
[¶2] We address the following issue: Did the Board of Equalization commit error by finding that the Johnson County Fair Board charging rent for campsites during the Johnson County Fair and Rodeo was not a taxable event?
FACTUAL BACKGROUND AND PROCEEDINGS
[¶3] Johnson County has sixty-nine (69) campsite locations that are used by the Johnson County Fairgrounds. The Fair Board rents these campsites annually and charges campers $25.00 for use during the week of fair. These campsites have historically been made available to fair exhibitors or their families. In 2016, the Johnson County Tourism Association inquired of the Department whether lodging taxes must be collected for the use and rental of these campsites. In response, the Department issued a determination finding the Fair Board was a non-exempt lodging vendor required to obtain a Wyoming Sales/Use Tax License and statutorily obligated to collect and remit sales and lodging taxes for the campsite rentals. The Department assessed the County $113.75 for the uncollected taxes in 2016, representing the unpaid taxes for the week-long use of the sixty-five (65) campsites.
[¶4] On appeal, the Board analyzed: (1) whether the camping fee was a user fee for county-owned recreational facilities and therefore exempt from excise taxes, and (2) whether the Department met its burden of proof to show that the Fair Board qualified as a vendor, as defined by Wyo. Stat. Ann. § 39-15-101(a)(xv), and thereby obligated to impose a tax on campsite users under Wyo. Stat. Ann. § 39-15-103(c). The Board concluded the Fair Board was not exempt from imposing sales and lodging taxes under Wyo. Stat. Ann. § 39-15-105(a)(iv)(E), but that the Fair Board was not a vendor. Because the Department failed to meet its burden of proof to show the Fair Board was a vendor, the Board concluded that the Fair Board was *922 not obligated to impose a tax on the fees charged for the use of the campsites.
DISCUSSION
[¶5] Wyoming law imposes a sales tax on the "sales price paid for living quarters in hotels, motels, tourist courts and similar establishments providing lodging service for transient guests," unless a statutory exemption applies. Wyo. Stat. Ann. § 39-15-103(a)(i)(G) (LexisNexis 2015). We have long recognized that "[t]here is a presumption created against granting exceptions and in favor of taxation." State Board of Equalization v. Tenneco Oil Co. , 694 P.2d 97, 100 (Wyo. 1985). Accordingly, the burden of establishing an exemption is on the one claiming it. PacifiCorp, Inc. v. Dep't of Revenue, State , 2017 WY 106, ¶ 11, 401 P.3d 905, 909 (Wyo. 2017) (citing Commissioners of Cambria Park v. Board of County Comm'rs of Weston County , 62 Wyo. 446, 174 P.2d 402, 405 (1946) ).
[¶6] However, in proceedings involving the question of whether there is a taxable event that triggers the obligation to impose a tax "the Petitioner shall have the burden of going forward and the Department shall have the ultimate burden of persuasion." Rules, Wyo. State Bd. of Equalization, ch. 2, § 20 (2006).
[¶7] When reviewing cases that have been certified to us pursuant to W.R.A.P. 12.09(b), we apply the appellate standards applicable to the reviewing court of the first instance. Hepp v. State ex rel. Wyoming Workers' Compensation Div. , 881 P.2d 1076, 1077 (Wyo. 1994). When conducting a review,
[o]ur task is to examine the entire record to determine whether substantial evidence supported the hearing examiner's findings. We will not substitute our judgment for that of the hearing examiner when substantial evidence supports his decision. Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions.
Latimer v. Rissler & McMurry Co. , 902 P.2d 706, 708-09 (Wyo. 1995) (citations omitted).
We do not, however, defer to an agency's conclusions of law. "Instead, if the 'correct rule of law has not been invoked and correctly applied, ... the agency's errors are to be corrected.' " Thunder Basin Coal Company v. Study , 866 P.2d 1288, 1291 (Wyo. 1994) (quoting Devous v. Wyoming State Board of Medical Examiners , 845 P.2d 408, 414 (Wyo. 1993) ).
JM v. Dep't of Family Services , 922 P.2d 219, 221 (Wyo. 1996).
[¶8] When an agency concludes a claimant did not meet his burden of proof, we apply the arbitrary and capricious standard of review. Boyce v. State ex rel. Wyo. Workers' Safety & Comp. Div. , 2005 WY 9, ¶ 6, 105 P.3d 451, 454 (Wyo. 2005). Concerning the arbitrary and capricious standard, we have explained:
Under the arbitrary, capricious and abuse of discretion standard, we are charged with examining the entire record. In our examination and review of a hearing examiner's determination, we defer to the hearing examiner's findings of fact. We will examine conflicting and contradictory evidence to see if the hearing examiner reasonably could have made its findings based on all the evidence before it.
State ex rel. Wyoming Workers' Safety & Comp. Div. v. Slaymaker , 2007 WY 65, ¶ 11, 156 P.3d 977, 981 (Wyo. 2007).
[¶9] The Board is charged with deciding "all questions that may arise with reference to the construction of any statute affecting the assessment, levy and collection of taxes, in accordance with the rules, regulations, orders and instructions prescribed by the department." Wyo. Stat. Ann. § 39-11-102.1(c)(iv) (LexisNexis 2017). Pursuant to the Rules of the Wyoming State Board of Equalization, the Department had the burden of persuasion to show the rental of campsites for one week per year was a taxable event. Id. ch. 2, § 20.
*923 [¶10] The imposition of sales tax is governed by Wyo. Stat. Ann. § 39-15-103. Subsection (c)(i) of this statute provides:
(c) Taxpayer. The following shall apply:
(i) Except as otherwise provided every vendor shall collect the tax imposed by this article and is liable for the entire amount of taxes imposed.
[¶11] This statute makes clear that only a "vendor" is obligated to impose a tax on those who lodge for the week at the Johnson County Fair and Rodeo. Therefore, the Department had the burden to prove that the Fair Board was a "vendor" as defined by Wyo. Stat. Ann. § 39-15-101(a)(xv).
[¶12] Wyo. Stat. Ann. § 39-15-101(a)(xv) defines a vendor as "any person engaged in the business of selling at retail or wholesale tangible personal property, admissions or services which are subject to taxation under this article." The Board analyzed the phrase "engaged in the business of selling" to determine whether the Fair Board qualified as a "vendor" subject to the requirement of imposing excise taxes. The crux of the Board's decision follows:
29. The Department bypasses the statutory "engaged in the business of" language and declares that the campsite revenue is taxable under Chapter 2, section 4(b) of its own rules. (Dep't Opening Br. 3). That rule reads, "The retail sale, lease, or rental of tangible personal property or taxable services by the State of Wyoming or its political subdivisions shall be subject to the sales/use tax. The governmental entity shall be considered a vendor and shall be licensed and collect tax on taxable transactions." Rules, Wyo. Dep't of Revenue, ch. 2, § 4(b) (2014).
30. The Department reads its rule in a way that renders moot the "engaged in the business" clause of Wyoming Statutes section 39-15-101(a)(xv) (2015). The Department cannot unilaterally declare that such sales are subject to tax: if the legislature hasn't subjected a class of transactions to sales and lodging tax, the Department has no power to do so. In re National Park Adventures, Inc ., 1999 WL 370030, Docket Nos. 96-19, 96-22, 96-121, ¶ 21 (Wyo. State Bd. of Equalization, May 28, 1999) ("Taxation is solely a legislative function and an administrative agency does not have the authority to impose, levy or collect a tax absent clear statutory authority."). Thus, the "engaged in the business of" clause of Wyoming Statutes section 39-15-101(a)(xv) (2015) must be satisfied before we can determine that the fair board is a "vendor."
[¶13] The Board determined the meaning of "engaged in the business of selling" by using what it described as the "plain meaning of those words." To arrive at this, and in addition to the uncontested facts, the Board relied upon Black's law dictionary and a U.S. Supreme Court decision. The Board found that to be engaged in the business of selling it required "a continuing effort to make a profit" or to be "engaged in a trade or business ... involved in the activity with continuity and regularity and ... [the] primary purpose for engaging in the activity must be for income or profit." The Board concluded the Fair Board was not "engaged in the business of selling" because it did not seek out other income generating opportunities throughout the year and because the primary purpose of renting out the campsites was to "provide a service to county fair participants," and not necessarily for profit.
[¶14] The Board also relied upon certain uncontested facts to determine whether the Department met its burden of proving the Fair Board was a vendor. These uncontested facts included that the Fair Board provides its fair participants with camp spots that have electrical hook-ups; it only rents the campsites to fair and rodeo participants; the Fair Board is not a licensed vendor with the Department; in 2016, sixty five (65) spots were rented for fair week at the price of $25.00 for the entire week for a total income of $1,625.00 to the Fair Board.
[¶15] We find no error or violation of law with the Board's identification of the issues or its analysis of the phrase "engaged in the business of selling." It is clear to this Court that defining "engaged in the business of selling" was a central issue, and the Board's analysis was necessary and appropriate for purposes of determining whether the Fair *924 Board was a vendor under the applicable statutes.
[¶16] The Board's conclusion that the income derived by the County was not for profit but used only to offset the operating costs is supported by the undisputed facts of this case. Furthermore, the Board's conclusion that the Department failed to show that the income derived from these rentals was "for profit," rather than to offset operating costs of the fairgrounds, is also supported by the record. The Court cannot find these conclusions were unreasonable, contrary to the law, or arbitrary or capricious.
[¶17] The Department had the burden of proving that the Fair Board's rental of the campsites was a taxable event, and there is a reasonable basis for the Board's determination that the Department failed to meet its burden. The Court cannot find the Board committed error by finding the Department failed to meet its burden.
CONCLUSION
[¶18] The Department had the burden of showing that renting campsites at the Johnson County Fair for one week per year, at $25.00 per campsite, was a taxable event. We find the Board's determination that the Johnson County Fair Board was not a "vendor" and therefore not required to impose an excise tax is supported by the record. The Board's conclusion that the Department failed to meet its burden of proof was not arbitrary or capricious. Accordingly, we affirm the Board of Equalization's Order.